UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

R.I. LOCAL FORM 3015-1.1
(Rev. 12/1/2017)

In re: Joyce A Garrett

Debtor(s)

Case No. 1:19-bk-10619

Chapter 13

☑ **If this is an amended plan,** list below the sections of the plan that have changed.
__That the plan shall be extended to 48 Months. That the secured creditor Specialised Loan Servicing mortgage shall be modified and the secured portion paid during the plan term at the note rate of interest.__
*All unchanged sections must also be completed
This amended plan:
☑ Does adversely affect creditors
☐ Does *not* adversely affect creditors

*See* LBR 3015-2(b).

## CHAPTER 13 PLAN

☐ Original *or* ☑ Amended (*must complete box on top right*)
☐ Post Confirmation (*Date Order Confirming Plan was entered*): _____
Date this plan was filed: **7/19/2019**

### PART 1: NOTICES

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) seven (7) days before the hearing date on confirmation or (ii) if the confirmation hearing is scheduled to occur earlier than thirty-five (35) days from the filing of an amended Plan, said hearing shall be continued to the next available hearing date assigned by the Court and any objections to the amended plan must be filed at least seven (7) days before the confirmation hearing date, unless the Court orders otherwise. If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above. A copy of your objection must be served on the Debtor(s), Attorney for the Debtor(s), the Chapter 13 Trustee and any party or attorney who has filed an appearance and requested service of pleadings. The Bankruptcy Court may confirm the Plan without further notice and hearing if no objection to confirmation is filed. **Any creditor's failure to timely object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A) and FRBP 3015**. You have or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **A claim must be filed and allowed for a creditor to receive a distribution, including secured claims.** *See* **FRBP 3002.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on the Chapter 13 Trustee, all creditors and all interested parties within twenty four (24) hours of its filing with the Court in the manner required under the United States Bankruptcy Code (Title 11 U.S.C.), the Federal Rules of Bankruptcy Procedure ("FRBP"), and the Rhode Island Local Bankruptcy Rules ("R.I. LBR"). See R.I. LBRs 3015-1, 3015-2, 9013-3, and Part 9 of this Plan. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of the Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If a provision is checked as "Not Included," both boxes are checked, or no box is checked, the provision will be void if set out later in the Plan. Failure to properly complete this section may result in denial of confirmation of your Plan. DO NOT CHECK BOTH BOXES. DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B(1), which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3). | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

### PART 2: PLAN LENGTH AND PAYMENTS

A. **LENGTH OF PLAN:**

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☐  60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:
_____ ; or

☑  Other (state number of months): **48** _____ .

B. **MONTHLY PAYMENTS** [use worksheet on Exhibit 1]

$**200.00** per month for **3** months.
$**800.00** per month for **45** months.

C. **ADDITIONAL PAYMENT(S):**

☑  None.

☐  Debtor(s) will make additional payment(s) to the Trustee, as specified below.
   *Describe the source (e.g., lump sums from sales/refinances, tax refunds), amount, and dates of payment(s):*
   _____

The total amount of payments to the Trustee: $**36,600.00**.
*This amount must be sufficient to pay the total cost of the plan in Exhibit 1, line h.*

## PART 3:  SECURED CLAIMS

☐  None. *If "None" is checked, the rest of Part 3 need not be completed.*

A. **CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

☐  None. *If "None" is checked, the rest of Part 3A need not be completed.*
☑  Secured Claims in default shall be cured and payments maintained as set forth in (1) and/or (2) below. *Complete (1) and/or (2).*

**(1) PREPETITION ARREARS TO BE PAID THROUGH THE PLAN**

Prepetition arrearage amounts are to be paid through the plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) listed in a timely filed Proof of Claim controls over any contrary amount(s) listed below. If relief from the automatic stay is ordered as to any collateral listed in this paragraph, then all payments paid through the plan as to that collateral will cease unless the Court orders otherwise.

**(a) Secured Claims (Principal Residence)**
Address of the Principal Residence:   41-43 Woodbine Street Cranston, RI 02920  Providence County
Rental Income 1 Unit $800
Value Per Tax Assessor

The Debtor(s) estimate that the fair market value of the Principal Residence is: $ **226,700.00**

| Name of Creditor | Type of Claim (e.g., mortgage, lien) | Amount of Arrears |
|---|---|---|
| -NONE- | | |

Total of prepetition arrears on Secured Claims (Principal Residence): $**0.00**

**(b) Secured Claims (Other)**

| Name of Creditor | Type of Claim | Description of Collateral (or address of real property) | Amount of Arrears |
|---|---|---|---|
| Ocwen Loan Servicing, LLC | First Mortgage | 16 Victoria Avenue Cranston, RI 02920 Providence County | $0.00 |
| Wells Fargo Home Mortgage | First Mortgage | 41-43 Woodbine Street Cranston, RI 02920 Providence County | $21,740.72 |
| Deutsche Bank Ntl Trust Co | Second Mortgage | 41-43 Woodbine Street Cranston, RI 02920 Providence County | Modified Sec B |

Total of prepetition arrears on Secured Claims (Other): $**21,474.29**

**Total of prepetition arrears to be paid through the Trustee [(a) + (b)]: $21,474.29**

**(2) MAINTENANCE OF CONTRACTUAL PAYMENTS (TO BE PAID DIRECTLY BY DEBTOR TO CREDITORS)**

Regular payments are to be paid directly by the Debtor(s) to creditors. The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules. The following claims are current:

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Ocwen Loan Servicing, LLC | First Mortgage | 16 Victoria Avenue Cranston, RI 02920  Providence County |
| Wells Fargo Home Mortgage | First Mortgage | 41-43 Woodbine Street Cranston, RI 02920  Providence County |

B.  **MODIFICATION OF SECURED CLAIMS**

☐  **None.** *If "None" is checked, the rest of Part 3B need not be completed.*
☑  **Secured Claims are modified as set forth in (1), (2), and/or (3) below.** *Complete (1), (2), and/or (3) below.*

*The following plan provisions are effective only if there is a check in the box "Included" in Part 1, § 1.1.*

**(1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506**

The Debtor(s) request that the Court determine the value of the following secured claim(s). For each secured claim listed below, the Debtor(s) states that the value of the secured claim is as set out in the column headed "Secured Claim Amount." For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below, and the creditor will retain its lien to the value of the secured claim.

If the plan is confirmed, the amount of a nongovernmental creditor's secured claim is binding on the creditor even if the creditor files a contrary Proof of Claim. Unless the Court orders otherwise, the value of a secured claim of a governmental unit listed in a timely filed Proof of Claim controls over any contrary amount listed below. The secured claim of a governmental unit may NOT be determined through the plan.

An allowed claim of a creditor whose claim is secured by a lien on property, in which the estate has an interest, is a secured claim to the extent of the value of the creditor's interest and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of the allowed claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim in Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having NO or zero ($0.00) value, the creditor's allowed claim will be treated in its entirety as an unsecured claim in Part 5 of this plan.

| Name of Creditor | Est. amount of creditor's total claim | Collateral | Value of Collateral | Amount of claims senior to creditor's claim | Secured Claim Amount | Interest Rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |

Total Claim(s) under Part 3.B(1) to be paid through the Trustee: $0.00

**(2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:**

This section includes claims that were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s) or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full through the Trustee with interest at the rate stated below. Unless the Court orders otherwise, the claim amount stated on a timely filed Proof of Claim controls over any contrary amount listed below. *If you are treating the claim in Part 3.B(1) or B(3), you should not include the claim in this section.*

| Name of Creditor | Collateral | Amount of claim | Interest Rate | Monthly plan payment | Est. total payments by trustee |
|---|---|---|---|---|---|
| Deutsche Bank Ntl Trust Co | 41-43 Woodbine Street Cranston, RI 02920 | $105,580.23 | 12.13% | $208.50 | $8,965.71 |

Total Claim(s) under Part 3.B(2) to be paid through the Trustee: $8,965.71

**(3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):**

*The following plan provisions of this Part 3.B(3) are effective only if there is a check in the box "Included" in Part 1 § 1.2.*

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b). Subject to 11 U.S.C. § 349(b), a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the Order confirming the plan. The amount of

the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 if a Proof of Claim has been filed and allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan provided a Proof of Claim is filed and allowed. *If more than one lien is to be avoided, provide the information below separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| Name of creditor _____ Collateral _____ Lien identification (such as judgment date, date of lien recording, book and page number) _____ _____ | (a) Amount of lien (b) Amount of other liens (c) Value of claimed exemptions (d) Total of adding lines (a), (b), and (c) (e) Value of debtor(s) interest in property (f) Subtract line (e) from line (d) Extent of exemption impairment *(Check applicable box)* **Line (f) is equal to or greater than line (a).** The entire lien is avoided. *(Do not complete the next column.)* **Line (f) is less than line (a).** A portion of the lien is avoided. *(Complete the next column)* | -NONE- _____ _____ _____ _____ _____ _____ | Amount of secured claim after avoidance (line (a) minus line (f)): _____ Interest rate (if applicable): _____ % Monthly payment of secured claim: _____ Estimated total payment on secured claim: _____ |

**Total Claim(s) under Part 3.B(3) to be paid through the Trustee: $0.00**

C. **SURRENDER OF COLLATERAL:**

- [✓] **None.** *If "None" is checked, the rest of Part 3C need not be completed.*
- [ ] **The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 of this plan.**

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| -NONE- | | |

## PART 4: PRIORITY CLAIMS

- [ ] **None.** *If "None" is checked, the rest of Part 4 need not be completed.*
- [✓] **The following priority claims will be paid in full without postpetition interest.**

Unless the Court orders otherwise, the amount in a timely filed Proof of Claim controls over any contrary amount listed below.

A. **DOMESTIC SUPPORT OBLIGATIONS:**

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

B. **OTHER PRIORITY CLAIMS** *(Except Administrative Expenses)*:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**Total of Priority Claims (except Administrative Expenses) to be paid through the Trustee: $0.00.**

C. **ADMINISTRATIVE EXPENSES:**

**(1) ATTORNEY'S FEES:**

| Name of Attorney | Fees |
|---|---|
| Stephen P. Levesque 5742 | $2,500.00 |

If the attorney's fee exceeds the amount set forth in Appendix III of the local rules, the Trustee may not pay any excess claim until such time as the Court approves a fee application. *See*, LBR 2017-1(b). If no fee application is approved, any excess monies will be disbursed to other creditors up to a 100% dividend.

**(2) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through the Trustee: $2,500.00.**

## PART 5:   NONPRIORITY UNSECURED CLAIMS

☐   **None.** *If "None" is checked, the rest of Part 5 need not be completed.*

☑   Allowed nonpriority unsecured claims other than those set forth in Part 5.F will be paid as stated below. Only creditors holding an allowed claim are entitled to a distribution. If more than one option is checked, the option providing the largest payment will be effective. NOTE: Creditors must file a timely Proof of Claim in order to receive payment under the plan.

☐ "Pot Plan": creditors shall receive a *pro rata* share of $ _____ (Debtor(s) estimate(s) a dividend yield of ___%.)

☐ Fixed: creditors shall receive no less than ___% of the total amount of these claims.

A.   **GENERAL UNSECURED CLAIMS:**                                 $  27,421.00

B.   **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR C:**

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Deutsche Bank Ntl Trust Co | 41-43 Woodbine Street Cranston, RI 02920  Providence County Rental Income 1 Unit $800 Value Per Tax Assessor | $98,707.23 |

C.   **NONDISCHARGEABLE UNSECURED CLAIMS** (e.g., student loans):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

D.   **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

Total of Unsecured Claims (A+B+C+D):                              $126,128.23.

E.   **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THE TRUSTEE:**

The amount paid to nonpriority unsecured creditors is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

*Multiply total by fixed percentage or enter "Pot Plan" amount:*                      $0.00.

F.   **SEPARATELY CLASSIFIED UNSECURED CLAIMS** (e.g., co-borrower):

| Creditor | Description of Claim | Amount of Claim | Treatment of Claim |
|---|---|---|---|
| -NONE- | | | |

Total amount of separately classified claims to be paid through the Trustee:         $0.00.

## PART 6:   EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑   **None.** *If "None" is checked, the rest of Part 6 need not be completed.*

## PART 7: VESTING OF PROPERTY OF THE ESTATE

Property of the estate will vest in the Debtor(s) who are entitled to a discharge upon entry of the discharge. For all other Debtor(s), property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8: NONSTANDARD PLAN PROVISIONS

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed*

## PART 9: PLAN SERVICE AND SIGNATURES

By signing this document, the Debtor(s) acknowledge reviewing and understanding the provisions of this plan.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form 3015-1.1, including exhibits, other than any nonstandard provisions in Part 8.

Pursuant to R.I. LBR 3015-1(b), the Debtor(s) or his/her/their counsel, must serve a copy of the Chapter 13 plan upon the Chapter 13 trustee, all creditors and all interested parties, within twenty-four (24) hours of its filing with the Court. A certificate of service must be filed within fourteen (14) days thereafter. If the Debtor(s) checked the box "Included" in Part 1, §§ 1.1 or 1.2, the Debtor(s) must also comply with the service requirements contained in R.I. LBR 3015-1(c) and 9013-3(b).

/s/ Joyce A Garrett
Joyce A Garrett
Debtor 1

Debtor 2

July 19, 2019
Executed on: (Date)

Executed on: (Date)

/s/ Stephen P. Levesque
Signature of Attorney for Debtor(s)
Stephen P. Levesque 5742
5742 RI
Stephen P. Levesque, Esq,
165 Burnside Street
2nd Floor
Cranston, RI 02910
401-490-4900
customerservice@spllaw.com

July 19, 2019
Executed on: (Date)

EXHIBIT 1

## CALCULATION OF TOTAL MONTHLY PLAN PAYMENTS

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B(1)-(3) Total): | $30,440.00 |
| b) | Priority claims (Part 4.A and Part 4.B Total): | $0.00 |
| c) | Administrative claims (Part 4.C Total): | $2,500.00 |
| d) | Nonpriority unsecured claims (Part 5.E Total): | $0.00 |
| e) | Separately classified unsecured claims (Part 5.F Total): | $0.00 |
| f) | Executory contract/lease arrears claims (Part 6 Total): | $0.00 |
| g) | Total of a + b + c + d + e + f: | $32,940.00 |
| h) | Divided (g) by .90 for total cost of plan including the Trustee's fee: | |
| i) | Divide (h), Cost of plan, by term of plan, **48** months: | $36,600.00 |
| j) | Round up to the nearest dollar amount for plan payment: | 200.00 |

*If this is either an amended plan and the plan payment has changed or if this is a post confirmation amended plan, complete (a) through (h) only and the following:*

| | | |
|---|---|---:|
| k) | Enter total amount of payments Debtor(s) has paid to Trustee: | $600.00 |
| l) | Subtract line (k) from line (h) and enter result here: | $36,000.00 |
| m) | Divide line (l) by the number of months remaining (**45** months): | $800.00 |
| | Round **up** to the nearest dollar amount for amended plan payment: | 800.00 |

Date the amended plan payment shall begin: 8/01/2019

The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the plan payment set forth utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of allowed administrative expenses, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

EXHIBIT 2

## LIQUIDATION ANALYSIS

### A. REAL PROPERTY

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Total Liens (Sch. D, Part 1) | Exemption Claimed (Sch. C) |
|---|---|---|---|
| 16 Victoria Avenue Cranston, RI 02920 Providence County Value Per Tax Assessor | $165,200.00 | $116,647.00 | $48,553.00 |
| 41-43 Woodbine Street Cranston, RI 02920 Providence County Rental Income 1 Unit $800 Value Per Tax Assessor | $226,700.00 | $325,407.23 | $6,490.00 |

Total Value of Real Property (Sch. A/B, line 55): $ 391,900.00
Total Net Equity for Real Property (Value Less Liens): $ 48,553.00
Less Total Exemptions for Real Property (Sch. C): $ 48,553.00
Available in Chapter 7: $ 0.00

### B. MOTOR VEHICLES

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Liens (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 2011 Cadillac SRX | $8,000.00 | $0.00 | $8,000.00 |

Total Value of Motor Vehicles: $ 8,000.00
Total Net Equity for Motor Vehicles (Value Less Liens): $ 8,000.00
Less Total Exemptions for Motor Vehicles (Sch. C): $ 8,000.00
Available in Chapter 7: $ 0.00

### C. ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Liens (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| Household Goods and Wares | $3,000.00 | $0.00 | $3,000.00 |
| Televisions and Entertainment | $600.00 | $0.00 | $600.00 |
| Womens Clothing | $400.00 | $0.00 | $400.00 |
| Rings, Necklaces, Earrings and Costume Jewelry | $1,000.00 | $0.00 | $1,000.00 |
| Checking: Postal Government Credit Union | $5.00 | $0.00 | $5.00 |
| Savings: Postal Government Credit Union | $5.00 | $0.00 | $5.00 |
| Pension: State of Rhode Island Pension | $1.00 | $0.00 | $1.00 |

Total Value of All Other Assets: $ 5,011.00
Total Net Equity for All Other Assets (Value Less Liens): $ 5,011.00
Less Total Exemptions for All Other Assets (Sch. C): $ 5,011.00
Available in Chapter 7: $ 0.00

### D. SUMMARY OF LIQUIDATION ANALYSIS

| Available in Chapter 7 | Amount |
|---|---|
| A. Real Property | $ 0.00 |
| B. Motor Vehicles | $ 0.00 |
| C. All Other Assets | $ 0.00 |

TOTAL AVAILABLE IN CHAPTER 7: $ 0.00

### E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

# 41 WOODBINE STREET

| | |
|---|---|
| **Location** | 41 WOODBINE STREET |
| **Acct#** | 08150710 |
| **Assessment** | $226,700 |
| **Building Count** | 1 |

| | |
|---|---|
| **Plat Sec Lot Co...** | 6/1 / 21/ / |
| **Owner** | HARRIS JOYCE A |
| **PID** | 7021 |

## Current Value

| | Assessment | | |
|---|---|---|---|
| Valuation Year | Improvements | Land | Total |
| 2018 | $160,100 | $66,600 | $226,700 |

## Owner of Record

| | | | |
|---|---|---|---|
| **Owner** | HARRIS JOYCE A | **Sale Price** | $0 |
| **Co-Owner** | | **Certificate** | |
| **Address** | 43 WOODBINE ST | **Book & Page** | 5588/ 133 |
| | CRANSTON, RI 02910-1916 | **Sale Date** | 05/08/2018 |

## Ownership History

| Owner | Sale Price | Certificate | Book & Page | Sale Date |
|---|---|---|---|---|
| HARRIS JOYCE A | $0 | | 5588/ 133 | 05/08/2018 |
| HARRIS JOYCE A | $0 | | 5468/ 19 | 08/31/2017 |
| HARRIS JOYCE A | $0 | | 5444/ 154 | 07/20/2017 |
| HARRIS JOYCE A | $0 | | | 07/26/2013 |
| HARRIS JOYCE A | $329,000 | | 3500/ 267 | 10/12/2006 |

## Building Information

### Building 1 : Section 1

| | |
|---|---|
| **Year Built:** | 1926 |
| **Living Area:** | 2,470 |
| **Replacement Cost:** | $193,595 |
| **Building Percent** | 80 |

**Good:**
**Replacement Cost**
**Less Depreciation:**   $154,900

| Building Attributes | |
|---|---|
| Field | Description |
| Style | Two Family |
| Model | Residential |
| Grade: | Average |
| Stories: | 2.25 |
| Occupancy | 2 |
| Exterior Wall 1 | Vinyl Siding |
| Exterior Wall 2 | |
| Roof Structure: | Gable/Hip |
| Roof Cover | Asph/F Gls/Cmp |
| Interior Wall 1 | Plastered |
| Interior Wall 2 | Plywood Panel |
| Interior Flr 1 | Hardwood |
| Interior Flr 2 | Carpet |
| Heat Fuel | Oil |
| Heat Type: | Hot Water |
| AC Type: | None |
| Total Bedrooms: | 4 Bedrooms |
| Total Bthrms: | 2 |
| Total Half Baths: | 0 |
| Total Xtra Fixtrs: | |
| Total Rooms: | 10 Rooms |
| Bath Style: | Average |
| Kitchen Style: | Average |
| Fireplace | |
| Fireplace opening | |
| Gas Fireplace | |

**Building Photo**



(http://images.vgsi.com/photos2/CranstonRIPhotos//\00\03\49

**Building Layout**



(http://images.vgsi.com/photos2/CranstonRIPhotos//Sketches/

| Building Sub-Areas (sq ft) | | | Legend |
|---|---|---|---|
| Code | Description | Gross Area | Living Area |
| BAS | First Floor | 1,057 | 1,057 |
| FUS | Upper Story, Finished | 945 | 945 |
| EAF | Attic, Expansion, Finished | 936 | 468 |
| EAU | Attic, Expansion, Unfinished | 208 | 0 |
| FOP | Porch, Open, Frame | 16 | 0 |
| UBM | Basement, Unfinished | 1,057 | 0 |
| UEP | Porch, Enclosed, Unfinished | 192 | 0 |
| | | 4,411 | 2,470 |

**Extra Features**

Extra Features    Legend

No Data for Extra Features

## Land

### Land Use

| | |
|---|---|
| Use Code | 1040 |
| Description | TWO FAMILY |
| Zone | B1 |
| Neighborhood | 0045 |
| Alt Land Appr Category | No |

### Land Line Valuation

| | |
|---|---|
| Size (Sqr Feet) | 7500 |
| Frontage | 0 |
| Depth | 0 |
| Assessed Value | $66,600 |

## Outbuildings

| Code | Description | Size | Value | Bldg # |
|---|---|---|---|---|
| FGR1 | GARAGE-AVE | 400 S.F. | $5,200 | 1 |

## Valuation History

| Valuation Year | Improvements | Land | Total |
|---|---|---|---|
| 2019 | $160,100 | $66,600 | $226,700 |
| 2019 | $160,100 | $66,600 | $226,700 |
| 2018 | $160,100 | $66,600 | $226,700 |
| 2018 | $160,100 | $66,600 | $226,700 |
| 2017 | $126,200 | $49,100 | $175,300 |

(c) 2019 Vision Government Solutions, Inc. All rights reserved.

UNITED STATES BANKRUPTCY COURT  
FOR THE DISTRICT OF RHODE ISLAND

R.I. LOCAL FORM 3015-1.1  
(Rev. 12/1/2017)

In re: Joyce A Garrett

Debtor(s)

Case No.

Chapter 13

# CHAPTER 13 PLAN

- ☒ Original *or* ☐ Amended *(must complete box on top right)*
- ☐ Post Confirmation *(Date Order Confirming Plan was entered)*: _____
- Date this plan was filed: **April 18, 2019**

## PART 1: NOTICES

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) seven (7) days before the hearing date on confirmation or (ii) if the confirmation hearing is scheduled to occur earlier than thirty-five (35) days from the filing of an amended Plan, said hearing shall be continued to the next available hearing date assigned by the Court and any objections to the amended plan must be filed at least seven (7) days before the confirmation hearing date, unless the Court orders otherwise. If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above. A copy of your objection must be served on the Debtor(s), Attorney for the Debtor(s), the Chapter 13 Trustee and any party or attorney who has filed an appearance and requested service of pleadings. The Bankruptcy Court may confirm the Plan without further notice and hearing if no objection to confirmation is filed. **Any creditor's failure to timely object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A) and FRBP 3015**. You have or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **A claim must be filed and allowed for a creditor to receive a distribution, including secured claims.** *See* **FRBP 3002**.

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on the Chapter 13 Trustee, all creditors and all interested parties within twenty four (24) hours of its filing with the Court in the manner required under the United States Bankruptcy Code (Title 11 U.S.C.), the Federal Rules of Bankruptcy Procedure ("FRBP"), and the Rhode Island Local Bankruptcy Rules ("R.I. LBR"). See R.I. LBRs 3015-1, 3015-2, 9013-3, and Part 9 of this Plan. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of the Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If a provision is checked as "Not Included," both boxes are checked, or no box is checked, the provision will be void if set out later in the Plan. Failure to properly complete this section may result in denial of confirmation of your Plan. DO NOT CHECK BOTH BOXES. DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B(1), which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3). | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☒ Not Included |

## PART 2: PLAN LENGTH AND PAYMENTS

**A.  LENGTH OF PLAN:**

- ☒ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- ☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
- ☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause: _____ ; or
- ☐ Other (state number of months): _____

**B.  MONTHLY PAYMENTS** [use worksheet on Exhibit 1]

$200.00 per month for 3 months.
$800.00 per month for 33 months.

C. **ADDITIONAL PAYMENT(S):**

- ☒ None.

- ☐ Debtor(s) will make additional payment(s) to the Trustee, as specified below.
  *Describe the source (e.g., lump sums from sales/refinances, tax refunds), amount, and dates of payment(s):*

**The total amount of payments to the Trustee: $27,000.00.**
*This amount must be sufficient to pay the total cost of the plan in Exhibit 1, line h.*

## PART 3: SECURED CLAIMS

- ☐ None. *If "None" is checked, the rest of Part 3 need not be completed.*

A. **CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

- ☐ None. *If "None" is checked, the rest of Part 3A need not be completed.*
- ☒ Secured Claims in default shall be cured and payments maintained as set forth in (1) and/or (2) below. *Complete (1) and/or (2).*

### (1) PREPETITION ARREARS TO BE PAID THROUGH THE PLAN

Prepetition arrearage amounts are to be paid through the plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) listed in a timely filed Proof of Claim controls over any contrary amount(s) listed below. If relief from the automatic stay is ordered as to any collateral listed in this paragraph, then all payments paid through the plan as to that collateral will cease unless the Court orders otherwise.

**(a) Secured Claims (Principal Residence)**

Address of the Principal Residence: 41-43 Woodbine Street Cranston, RI 02920 Providence County
Rental Income 1 Unit $800
Value Per Tax Assessor

The Debtor(s) estimate that the fair market value of the Principal Residence is: $ 226,700.00

| Name of Creditor | Type of Claim (e.g., mortgage, lien) | Amount of Arrears |
|---|---|---|
| -NONE- | | |

Total of prepetition arrears on Secured Claims (Principal Residence): $0.00

**(b) Secured Claims (Other)**

| Name of Creditor | Type of Claim | Description of Collateral (or address of real property) | Amount of Arrears |
|---|---|---|---|
| Ocwen Loan Servicing, LLC | First Mortgage | 16 Victoria Avenue Cranston, RI 02920 Providence County Value Per Tax Assessor | $0.00 |
| Wells Fargo Home Mortgage | First Mortgage | 41-43 Woodbine Street Cranston, RI 02920 Providence County Rental Income 1 Unit $800 Value Per Tax Assessor | $18,000.00 |

Total of prepetition arrears on Secured Claims (Other): $18,000.00

Total of prepetition arrears to be paid through the Trustee [(a) + (b)]: $18,000.00

### (2) MAINTENANCE OF CONTRACTUAL PAYMENTS (TO BE PAID DIRECTLY BY DEBTOR TO CREDITORS)

Regular payments are to be paid directly by the Debtor(s) to creditors. The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules. The following claims are current:

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Ocwen Loan Servicing, LLC | First Mortgage | 16 Victoria Avenue Cranston, RI 02920 Providence County Value Per Tax Assessor |
| Wells Fargo Home Mortgage | First Mortgage | 41-43 Woodbine Street Cranston, RI 02920 Providence County Rental Income 1 Unit $800 Value Per Tax Assessor |

B. **MODIFICATION OF SECURED CLAIMS**

☒ None. *If "None" is checked, the rest of Part 3B need not be completed.*

☐ Secured Claims are modified as set forth in (1), (2), and/or (3) below. *Complete (1), (2), and/or (3) below.*

*The following plan provisions are effective only if there is a check in the box "Included" in Part 1, § 1.1.*

**(1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506**

The Debtor(s) request that the Court determine the value of the following secured claim(s). For each secured claim listed below, the Debtor(s) states that the value of the secured claim is as set out in the column headed "Secured Claim Amount." For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below, and the creditor will retain its lien to the value of the secured claim.

If the plan is confirmed, the amount of a nongovernmental creditor's secured claim is binding on the creditor even if the creditor files a contrary Proof of Claim. Unless the Court orders otherwise, the value of a secured claim of a governmental unit listed in a timely filed Proof of Claim controls over any contrary amount listed below. The secured claim of a governmental unit may NOT be determined through the plan.

An allowed claim of a creditor whose claim is secured by a lien on property, in which the estate has an interest, is a secured claim to the extent of the value of the creditor's interest and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of the allowed claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim in Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having NO or zero ($0.00) value, the creditor's allowed claim will be treated in its entirety as an unsecured claim in Part 5 of this plan.

| Name of Creditor | Est. amount of creditor's total claim | Collateral | Value of Collateral | Amount of claims senior to creditor's claim | Secured Claim Amount | Interest Rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |

Total Claim(s) under Part 3.B(1) to be paid through the Trustee: **$0.00**

**(2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:**

This section includes claims that were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s) or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full through the Trustee with interest at the rate stated below. Unless the Court orders otherwise, the claim amount stated on a timely filed Proof of Claim controls over any contrary amount listed below. *If you are treating the claim in Part 3.B(1) or B(3), you should not include the claim in this section.*

| Name of Creditor | Collateral | Amount of claim | Interest Rate | Monthly plan payment | Est. total payments by trustee |
|---|---|---|---|---|---|
| -NONE- | | | | | |

Total Claim(s) under Part 3.B(2) to be paid through the Trustee: **$0.00**

**(3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):**

*The following plan provisions of this Part 3.B(3) are effective only if there is a check in the box "Included" in Part 1 § 1.2.*

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b). Subject to 11 U.S.C. § 349(b), a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the Order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 if a Proof of Claim has been filed and allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan

provided a Proof of Claim is filed and allowed. *If more than one lien is to be avoided, provide the information below separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| Name of creditor<br><br>Collateral<br><br><br>Lien identification (such as judgment date, date of lien recording, book and page number) | (a) Amount of lien<br>(b) Amount of other liens<br>(c) Value of claimed exemptions<br>(d) Total of adding lines (a), (b), and (c)<br><br>(e) Value of debtor(s) interest in property<br><br>(f) Subtract line (e) from line (d)<br><br>Extent of exemption impairment *(Check applicable box)*<br><br>☐ **Line (f) is equal to or greater than line (a).** The entire lien is avoided. *(Do not complete the next column.)*<br><br>☐ **Line (f) is less than line (a).** A portion of the lien is avoided. *(Complete the next column)* | -NONE- | Amount of secured claim after avoidance (line (a) minus line (f)):<br><br>Interest rate (if applicable):<br>_____ %<br><br>Monthly payment of secured claim:<br><br><br>Estimated total payment on secured claim: |

Total Claim(s) under Part 3.B(3) to be paid through the Trustee: $0.00

C.  **SURRENDER OF COLLATERAL:**

☒ None. *If "None" is checked, the rest of Part 3C need not be completed.*

☐ The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 of this plan.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| -NONE- | | |

## PART 4: PRIORITY CLAIMS

☐ None. *If "None" is checked, the rest of Part 4 need not be completed.*

☒ The following priority claims will be paid in full without postpetition interest.

Unless the Court orders otherwise, the amount in a timely filed Proof of Claim controls over any contrary amount listed below.

A.  **DOMESTIC SUPPORT OBLIGATIONS:**

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

B.  **OTHER PRIORITY CLAIMS** *(Except Administrative Expenses)*:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

Total of Priority Claims (except Administrative Expenses) to be paid through the Trustee: $0.00.

C.  **ADMINISTRATIVE EXPENSES:**

(1) **ATTORNEY'S FEES:**

| Name of Attorney | Fees |
|---|---|
| | |

| Name of Attorney | Fees |
|---|---|
| Stephen P. Levesque 5742 | $2,500.00 |

If the attorney's fee exceeds the amount set forth in Appendix III of the local rules, the Trustee may not pay any excess claim until such time as the Court approves a fee application. *See*, LBR 2017-1(b). If no fee application is approved, any excess monies will be disbursed to other creditors up to a 100% dividend.

### (2) TRUSTEE'S COMMISSION:

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through the Trustee: $2,500.00.**

## PART 5: NONPRIORITY UNSECURED CLAIMS

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed.*

■ Allowed nonpriority unsecured claims other than those set forth in Part 5.F will be paid as stated below. Only creditors holding an allowed claim are entitled to a distribution. If more than one option is checked, the option providing the largest payment will be effective. NOTE: Creditors must file a timely Proof of Claim in order to receive payment under the plan.

☐ "Pot Plan": creditors shall receive a *pro rata* share of $
   (Debtor(s) estimate(s) a dividend yield of %.)
☐ Fixed: creditors shall receive no less than % of the total amount of these claims.

A. **GENERAL UNSECURED CLAIMS:**  $ 27,421.00

B. **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR C:**

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

C. **NONDISCHARGEABLE UNSECURED CLAIMS** (e.g., student loans):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

D. **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

Total of Unsecured Claims (A+B+C+D):  $27,421.00.

E. **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THE TRUSTEE:**

The amount paid to nonpriority unsecured creditors is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

*Multiply total by fixed percentage or enter "Pot Plan" amount:*  $3,800.00.

F. **SEPARATELY CLASSIFIED UNSECURED CLAIMS** (e.g., co-borrower):

| Creditor | Description of Claim | Amount of Claim | Treatment of Claim |
|---|---|---|---|
| -NONE- | | | |

Total amount of separately classified claims to be paid through the Trustee:  $0.00.

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

■ **None.** *If "None" is checked, the rest of Part 6 need not be completed.*

## PART 7: VESTING OF PROPERTY OF THE ESTATE

Property of the estate will vest in the Debtor(s) who are entitled to a discharge upon entry of the discharge. For all other Debtor(s), property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8:   NONSTANDARD PLAN PROVISIONS

☐   **None.** *If "None" is checked, the rest of Part 8 need not be completed*

## PART 9:   PLAN SERVICE AND SIGNATURES

By signing this document, the Debtor(s) acknowledge reviewing and understanding the provisions of this plan.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form 3015-1.1, including exhibits, other than any nonstandard provisions in Part 8.

Pursuant to R.I. LBR 3015-1(b), the Debtor(s) or his/her/their counsel, must serve a copy of the Chapter 13 plan upon the Chapter 13 trustee, all creditors and all interested parties, within twenty-four (24) hours of its filing with the Court. A certificate of service must be filed within fourteen (14) days thereafter. If the Debtor(s) checked the box "Included" in Part 1, §§ 1.1 or 1.2, the Debtor(s) must also comply with the service requirements contained in R.I. LBR 3015-1(c) and 9013-3(b).

/s/ Joyce A Garrett    April 18, 2019
Joyce A Garrett        Executed on: (Date)
Debtor 1

Debtor 2               Executed on: (Date)

/s/ Stephen P. Levesque    April 18, 2019
Signature of Attorney for Debtor(s)    Executed on: (Date)
Stephen P. Levesque 5742
5742 RI
Stephen P. Levesque, Esq,
165 Burnside Street
2nd Floor
Cranston, RI 02910
401-490-4900
customerservice@spllaw.com

## EXHIBIT 1

### CALCULATION OF TOTAL MONTHLY PLAN PAYMENTS

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B(1)-(3) Total): | $18,000.00 |
| b) | Priority claims (Part 4.A and Part 4.B Total): | $0.00 |
| c) | Administrative claims (Part 4.C Total): | $2,500.00 |
| d) | Nonpriority unsecured claims (Part 5.E Total): | $3,800.00 |
| e) | Separately classified unsecured claims (Part 5.F Total): | $0.00 |
| f) | Executory contract/lease arrears claims (Part 6 Total): | $0.00 |
| g) | Total of a + b + c + d + e + f: | $24,300.00 |
| h) | Divided (g) by .90 for total cost of plan including the Trustee's fee: | |
| i) | Divide (h), Cost of plan, by term of plan, **36** months: | $27,000.00 |
| j) | Round up to the nearest dollar amount for plan payment: | 200.00 |

*If this is either an amended plan and the plan payment has changed or if this is a post confirmation amended plan, complete (a) through (h) only and the following:*

k) Enter total amount of payments Debtor(s) has paid to Trustee:
l) Subtract line (k) from line (h) and enter result here:
m) Divide line (l) by the number of months remaining (___ months):
Round **up** to the nearest dollar amount for amended plan payment:

Date the amended plan payment shall begin:

The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the plan payment set forth utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of allowed administrative expenses, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

EXHIBIT 2

LIQUIDATION ANALYSIS

### A. REAL PROPERTY

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Total Liens (Sch. D, Part 1) | Exemption Claimed (Sch. C) |
|---|---|---|---|
| 16 Victoria Avenue Cranston, RI 02920 Providence County Value Per Tax Assessor | $165,200.00 | $116,647.00 | $48,553.00 |
| 41-43 Woodbine Street Cranston, RI 02920 Providence County Rental Income 1 Unit $800 Value Per Tax Assessor | $226,700.00 | $219,827.00 | $6,490.00 |

Total Value of Real Property (Sch. A/B, line 55): $ 391,900.00
Total Net Equity for Real Property (Value Less Liens): $ 55,426.00
Less Total Exemptions for Real Property (Sch. C): $ 55,043.00
Available in Chapter 7: $ 383.00

### B. MOTOR VEHICLES

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Liens (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 2011 Cadillac SRX | $8,000.00 | $0.00 | $8,000.00 |

Total Value of Motor Vehicles: $ 8,000.00
Total Net Equity for Motor Vehicles (Value Less Liens): $ 8,000.00
Less Total Exemptions for Motor Vehicles (Sch. C): $ 8,000.00
Available in Chapter 7: $ 0.00

### C. ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Liens (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| Household Goods and Wares | $3,000.00 | $0.00 | $3,000.00 |
| Televisions and Entertainment | $600.00 | $0.00 | $600.00 |
| Womens Clothing | $400.00 | $0.00 | $400.00 |
| Rings, Necklaces, Earrings and Costume Jewelry | $1,000.00 | $0.00 | $1,000.00 |
| Checking: Postal Government Credit Union | $5.00 | $0.00 | $5.00 |
| Savings: Postal Government Credit Union | $5.00 | $0.00 | $5.00 |
| Pension: State of Rhode Island Pension | $1.00 | $0.00 | $1.00 |

Total Value of All Other Assets: $ 5,011.00
Total Net Equity for All Other Assets (Value Less Liens): $ 5,011.00
Less Total Exemptions for All Other Assets (Sch. C): $ 5,011.00
Available in Chapter 7: $ 0.00

### D. SUMMARY OF LIQUIDATION ANALYSIS

| Available in Chapter 7 | Amount |
|---|---|
| A. Real Property | $ 383.00 |
| B. Motor Vehicles | $ 0.00 |
| C. All Other Assets | $ 0.00 |

TOTAL AVAILABLE IN CHAPTER 7: $ 383.00

### E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Rhode Island

In re: **Joyce A Garrett**

Debtor(s)

Case No.
Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ 3,500.00 |
   | Prior to the filing of this statement I have received | $ 1,000.00 |
   | Balance Due | $ 2,500.00 |

2. $ **310.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☒ Debtor  ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ☒ Debtor  ☐ Other (specify):

5. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**April 18, 2019**
Date

*[signature]*

/s/ Stephen P. Levesque
**Stephen P. Levesque 5742**
*Signature of Attorney*
Stephen P. Levesque, Esq,
165 Burnside Street
2nd Floor
Cranston, RI 02910
401-490-4900  Fax: 401-490-4901
customerservice@spllaw.com
*Name of law firm*